# Exhibit A

## Foreclosure Judgment

FILED: NEW YORK COUNTY CLERK 08/30/2016 12:03 PM
NYSCEF DOC. NO. 7
INDEX NO. 850105/2015
RECEIVED NYSCEF: 08/30/2016
17-01067-scc    Doc 1-1    Filed 05/31/17    Entered 05/31/17 12:25:05    Exhibit A -
Foreclosure Judgment    Pg 2 of 20

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------x
LCP JERRY LLC,

                            Plaintiff,

      -against-

HELLO NEWMAN, INC.; DORIS KORNISH; PHILIP HARTMAN; MO PITKIN HOLDINGS, LLC; MONTY KARP REALTY, LLC; PIZZAMONIUM, INC.; TWO BOOTS OF 42ND STREET, LLC; SWEET JANE, LLC; PIONEER THEATER, LLC; LARRY TATE OF NEW YORK, INC.; GELSIMINA, INC.; 37A RESTAURANT INC.; NEW YORK CITY DEPARTMENT OF FINANCE; NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE; ADMINISTRATOR OF THE SMALL BUSINESS ADMINISTRATION AN AGENCY OF THE GOVERNMENT OF THE UNITED STATES OF AMERICA; KNUCKLEKNEE LLC and; "JANE" HARTMAN

                          Defendants.
-----------------------------------------------------------------x

Index No. 850105/15

***NOTICE OF ENTRY OF JUDGMENT OF FORECLOSURE AND SALE***

      **PLEASE TAKE NOTICE**, that the annexed is a true and correct copy of the *Judgment of Foreclosure and Sale* signed by the Honorable Jeffrey K. Oing, J.S.C., dated August 22, 2016 and entered in the Office of the New York County Clerk on August 28, 2016.

Dated: New York, New York
         August 29, 2016

                                        KRISS & FEUERSTEIN, LLP
                                        *Attorneys for Plaintiff*

By: _____
         Jerold C. Feuerstein, Esq.
   360 Lexington Avenue, Suite 1200
   New York, NY 10017
   (212) 661-2900

TO:

| | |
|---|---|
| Kevin A. Drakeford, Esq.<br>The Drakeford Firm LLC<br>*Attorneys for Defendants Hello Newman,*<br>*Inc., Two Boots of 42nd Street, LLC, and*<br>*Philip Hartman*<br>73 Broadway<br>Harrison, NY 10528 | Rubin Ferziger, Esq.,<br>*Referee*<br>Rubin Ferziger Attorney At Law<br>708 3rd Ave Fl 5<br>New York, NY 10017-4201 |
| Doris Kornish<br>*Pro Se*<br>113 East 2nd Street<br>New York, NY 10009 | Preet Bharara<br>United States Attorney for the<br>Southern District of New York<br>*Attorney for Defendant*<br>*United States of America*<br>By: Kathleen A. Zebrowski<br>Assistant United States Attorney<br>86 Chambers Street<br>New York, NY 10007 |
| Bruce H. Lederman, Esq.,<br>D'Agostino, Levine, Landesman &<br>Lederman LLP<br>*Attorneys for Defendant Knuckleknee LLC*<br>345 Seventh Avenue, 23rd Floor<br>New York, NY 10001 | Thomas M. Mullaney, Esq.<br>Law Office of Thomas M. Mullaney<br>*Attorney for Defendant's Philip Hartman*<br>489 Fifth Avenue, 19th Floor<br>New York, NY 10017 |
| Ira Brad Matetsky, Esq.<br>Ganfer & Shore, LLP<br>*Judgment Creditor of*<br>*Defendant Doris Kornish*<br>360 Lexington Avenue<br>New York, NY 10017 | |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: ~~JEFFREY K. OING~~ J.S.C.                                    PART **48**
                                                 Justice

Index Number : 850105/2015
LCP JERRY LLC
vs.
HELLO NEWMAN, INC.
SEQUENCE NUMBER : 004
JUDGMENT OF FORECLOSURE / SALE

INDEX NO. _____
MOTION DATE _____
MOTION SEQ. NO. _____

The following papers, numbered 1 to ____ , were read on this motion to/for _____

| | |
|---|---|
| Notice of Motion/Order to Show Cause — Affidavits — Exhibits _____ | No(s). _____ |
| Answering Affidavits — Exhibits _____ | No(s). _____ |
| Replying Affidavits _____ | No(s). _____ |

Upon the foregoing papers, it is ordered that this motion is **FOR A JUDGMENT OF FORECLOSURE AND SALE IS GRANTED WITHOUT OPPOSITION. JUDGMENT SIGNED**

**FILED**
AUG 25 2016
COUNTY CLERK'S OFFICE
NEW YORK

Dated: 8/22/16                                                       _____, J.S.C.
                                                                       JEFFREY K. OING
                                                                            J.S.C.

1. CHECK ONE: ............................................... ☒ CASE DISPOSED          ☐ NON-FINAL DISPOSITION
2. CHECK AS APPROPRIATE: ...................MOTION IS: ☒ GRANTED   ☐ DENIED   ☐ GRANTED IN PART   ☐ OTHER
3. CHECK IF APPROPRIATE: .................................. ☐ SETTLE ORDER           ☐ SUBMIT ORDER
                                                            ☐ DO NOT POST  ☐ FIDUCIARY APPOINTMENT  ☐ REFERENCE

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE FOR THE FOLLOWING REASON(S):

At the IAS Term **Part 48** of the Supreme Court of the State of New York, held in and for the County of New York at the New York County Courthouse located at 111 Centre Street, New York, New York 10007 on the 22 day of AUG , 2016.

PRESENT:

**HON. JEFFREY K. OING, J.S.C.**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------x
LCP JERRY LLC,

      Plaintiff,

  -against-

HELLO NEWMAN, INC.; DORIS KORNISH; PHILIP HARTMAN; MO PITKIN HOLDINGS, LLC; MONTY KARP REALTY, LLC; PIZZAMONIUM, INC.; TWO BOOTS OF 42ND STREET, LLC; SWEET JANE, LLC; PIONEER THEATER, LLC; LARRY TATE OF NEW YORK, INC.; GELSIMINA, INC.; 37A RESTAURANT INC.; NEW YORK CITY DEPARTMENT OF FINANCE; NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE; ROBERT ANDRIANI; CAROL ANDRIANI; SONDRA WINTER; BARBARA WINTER; MATTHEW HANDAL; TRACY HANDAL; KATIE HANDAL; ADMINISTRATOR OF THE SMALL BUSINESS ADMINISTRATION AN AGENCY OF THE GOVERNMENT OF THE UNITED STATES OF AMERICA; KNUCKLEKNEE LLC and; "JANE" HARTMAN

      Defendants.
-------------------------------------------------------------------x

#850105/2015

Index No. 850105/15

**JUDGMENT OF
FORECLOSURE AND SALE**

**Mortgaged Premises:**

113 East 2nd Street
New York, NY 10009
(Block: 429; Lot: 19)

Mtn Seq. no. 004

On the Summons (the "Summons") and the Verified Complaint in a Foreclosure Action (the "Complaint") duly and e-filed in this action on March 6, 2015 and the Notice of Pendency ("NOP") duly e-filed in this action on March 6, 2015, and the Affirmation of Jerold C.

1

Feuerstein, Esq., in support of Plaintiff's Motion for Summary Judgment and Other Relief dated August 24, 2015, the Decision and Order (the "Decision and Order") of the Honorable Jeffrey K. Oing, J.S.C., dated April 13, 2016 and e-filed in the Office of the New York County Clerk on April 14, 2016; the Order Granting Summary Judgment, Appointing Referee to Compute Amount Due and Other Relief (the "SJ Order") of the Honorable Jeffrey K. Oing, J.S.C., dated May 9, 2016 and e-filed in the Office of the New York County Clerk on May 12, 2016; the Affirmation of Regularity of Jerold C. Feuerstein, Esq., dated July 20, 2016, and the Affirmation of Services Rendered of Jerold C. Feuerstein, Esq., and Bill of Costs both dated July 20, 2016, and upon reading and filing the Affidavits of Service and Amended Affidavits of Service, heretofore e-filed in the Office of the New York County Clerk, showing that each and all of the defendants herein have been duly served within this State with the Summons and Complaint, from all of which it appears that more than thirty (30) days have elapsed since each defendant was served; and none of the defendants herein have answered, moved or appeared with respect thereto, except defendants, Hello Newman, Inc., Two Boots of 42nd Street, LLC, Doris Kornish and Philip Hartman (collectively, the "Answering Defendants"), in response to the Complaint interposed an Answer and Separate Defenses in a Foreclosure Action (the "Answer"), dated May 26, 2015, by and through their attorneys The Drakeford Firm, LLC[1], which said Answer was subsequently stricken by the SJ Order (defined below); defendant, KnuckleKnee, LLC, appeared herein by and through its attorneys D'Agostino, Levine, Landesman & Lederman LLP by filing a Notice of Appearance and Claim to Surplus Monies ("Knuckle NOA"), dated April 7, 2015, demands notice of this instant motion; Ganfer & Shore, LLP, judgment creditor of defendant

---

[1] The Drakeford Firm LLC also on May 26, 2015 filed a Notice of Appearance (the "Answering Defendants' NOA") on behalf of the Answering Defendants'. Subsequently, Doris Kornish appeared herein by and through attorney Hugh F. Hill, Esq. by a Notice of Appearance ("Kornish NOA") dated June 4, 2015 and thereafter upon information and belief the Law Office of Harry Kresky. As of date, upon information and belief Doris Kornish is now *pro se* as evidenced by a Consent to Change Attorney form dated January 14, 2016.

Doris Kornish, appeared herein by filing a Notice of Appearance ("Ganfer NOA"), dated April 21, 2016, requesting service of the instant motion; defendant, New York State Department of Taxation and Finance, appeared herein by and through the Attorney General of the State of New York by filing a Notice of Appearance (the "NYS NOA"), dated March 18, 2015, waiving service of this instant motion; and defendant, United States of America by and through the Office of the United States Attorney for the Southern District of New York appeared herein by filing a Notice of Appearance and Waiver ("USA NOA"), dated May 13, 2015, requesting notice of this instant motion; and that the Complaint herein and Notice of Pendency containing all the particulars required to be stated therein was duly filed in the Office of the Clerk of the County of New York on March 6, 2015, and has not been amended to add new parties or to embrace real property not described in the original Complaint, and a Referee having been duly appointed to compute the amount due to the plaintiff upon the bond/note and mortgage set forth in the Complaint and to examine and report whether the mortgaged premises should be sold in one parcel,

AND, on reading the report of Rubin Ferziger, Esq., the Referee named in said SJ Order, by which Report dated July 1, 2016 and e-filed with the Office of the New York County Clerk on July 6, 2016, attached hereto, it appears that the sum of $1,749,443.12 was due as of May 16, 2016, and that the mortgaged premises should be sold in one parcel,

NOW, upon proof of due notice of this motion upon all parties who had not waived the same, and upon proof of service of the Motion for an Order Appointing Referee and for Other Relief as provided therein,

ON MOTION of Kriss and Feuerstein LLP, attorneys for the plaintiff, it is

ORDERED, that the motion is granted; and it is further

**ORDERED, ADJUDGED AND DECREED**, that pursuant to CPLR §305(c) the Affidavits of Service as filed with the Court for the defendants, PHILIP NEWMAN, DORIS KORNISH, NEW YORK CITY DEPARTMENT OF FINANCE, NEW YORK STATE DEPARTMENT OF FINANCE, ROBERT ANDRIANI; CAROL ANDRIANI; BARBARA WINTER; MATTHEW HANDAL, TRACY HANDAL, ADMINISTRATOR OF THE SMALL BUSINESS ADMINISTRATION, and "JANE" HARTMAN, are amended *nunc pro tunc* to the date the amended affidavits of service were e-filed with the Court, without any prejudice to the proceedings had herein; and it is further

[handwritten: 708 Third Ave. NY, NY 10017, 5th Floor  212-490-8585]

**ORDERED, ADJUDGED AND DECREED**, that the Report of Rubin Ferziger, Esq., dated July 1, 2016 and e-filed with the Office of the New York County Clerk on July 6, 2016, be, and the same is hereby, to the extent provided herein, ratified and confirmed; and it is further

**ORDERED, ADJUDGED AND DECREED**, that the mortgaged premises and the personal property seeking therein as described in the Complaint or such part thereof as may be sufficient to discharge the mortgage debt, the expenses of the sale and the costs of this action as provided by the Real Property Actions and Proceedings Law be sold, in one parcel, at public auction, at the <u>**NEW YORK COUNTY SUPREME COURT, LOCATED AT 60 CENTRE STREET, ROOM #130, NEW YORK, NEW YORK 10007, ON A WEDNESDAY (EXCEPT HOLIDAYS) AT 2:00 P.M., BY AND UNDER THE DIRECTION OF RUBIN FERZIGER, ESQ., WHO IS HEREBY APPOINTED REFEREE FOR THAT PURPOSE AND THAT SAID REFEREE ON THE DATE SHALL REPORT WITH A COPY OF THIS JUDGMENT TO THE MOTION SUPPORT OFFICE, ROOM 119 AT 1:30 P.M., SO THE SALE MAY PROCEED PROMPTLY AT 2:00 P.M.**</u>, and that the said Referee give public notice of the time and place of such sale in accordance with RPAPL §231 in ___THE___

NEW YORK LAW JOURNAL _____ and that the plaintiffs or any other parties to this action may become the purchaser or purchasers at such sale, that the purchaser will be required to deposit with the Referee ten percent (10%) of the amount bid, in certified funds immediately upon the Referee's acceptance of the purchaser's bid for which a Referee's Receipt will be given and that in case the plaintiffs shall become the purchaser at the said sale, they shall not be required to make any deposit thereon, that said Referee execute to the purchaser or purchasers on such a sale a deed of the premises sold, that in the event a party other than the plaintiffs becomes the purchaser or purchasers at such sale, the closing[2] of title shall be had thirty (30) days after such sale unless otherwise stipulated by all parties to the sale, and it is further

**ORDERED, ADJUDGED AND DECREED,** that said referee on receiving the proceeds of such sale shall forthwith pay therefrom, in accordance with their priority according to law, the taxes, assessments, sewer, rents or water rates which are or may become liens on the premises at the time of the auction sale with such interest or penalties which may have lawfully accrued thereon to the date of the auction sale bidders payment of the deposit, and it is further

**ORDERED, ADJUDGED AND DECREED,** that said Referee then deposit the balance of said proceeds of sale in his/her own name as Referee in _Signature Bank_ and shall thereafter make the following payments and his/her checks drawn for that purpose shall be paid by said depository.

    **FIRST:**     The statutory fees of said Referee in the sum of **$500.00.**

    **SECOND:**     The expenses of the sale and the advertising expenses as shown on the bills presented and certified by said Referee to be correct. Duplicate copies of which shall be annexed to the report of sale.

---

[2] The failure of the successful bidder to pay the full purchase price bid and appropriate closing costs at a closing to be scheduled within thirty (30) days following the auction may result in the forfeiture of the 10% deposit.

**THIRD:** Said Referee shall also pay to the plaintiffs or plaintiffs' attorney the sum of $ 2,529.30 adjudged to the plaintiffs for costs and disbursements in this action to be taxed by the clerk and inserted herein, with interest at the default rate as set forth in the Note thereon from the date of entry hereof, together with an additional allowance of $ 300.00 hereby awarded to the plaintiffs in addition to costs with interest at the default rate as set forth in the Note thereon from the date of entry hereof, and also the sum of **$1,749,443.12** the said amount so reported due on the Note as aforesaid, together with interest at the default rate as set forth in the Note thereon from May 16, 2016 (the date interest was calculated to in said report) until the date of entry of this judgment, then with interest at the default rate as set forth in the Note until the date of the transfer of the Referee's Deed or so much thereof as the purchase money of the mortgaged premises will pay of the same, together with ~~$ hereby awarded to the plaintiff as~~ reasonable legal fees herein TO BE DETERMINED AT AN ASSESSMENT THEREOF together with any advances which plaintiff has made for taxes, insurance principal and interest and any other charges due to prior mortgages, or to maintain the premises pending consummation of this foreclosure sale by delivery of the referee's deed, not previously included in the computation and upon presentation of receipts for said expenditures to the Referee, all together with interest at the default rate as set forth in the Note thereon from the date of the advance until the date of the transfer of the Referee's Deed.

**FOURTH:** If such Referee intends to apply for a further allowance for his/her fees and application shall be made to the Court therefor upon due notice to those parties entitled thereto,

**ORDERED, ADJUDGED AND DECREED,** that in case the plaintiff be the purchaser of said mortgaged premises at said sale, or in the event that the rights of the purchasers at said

6

sale and the terms of sale under this judgment shall be assigned to and be acquired by the plaintiff, and a valid assignment thereof filed with said Referee, said Referee shall not require the plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver to the plaintiff or its assignee, a deed or deeds of the premises sold upon the payment to said Referee of the amounts specified above in items marked **"FIRST"** and **"SECOND"** and the amounts of the aforesaid taxes, assessments, sewer rents and water rates with interest and penalties thereon or in lieu of the payment of said last mentioned amounts upon filing with said Referee receipts of the proper municipal authorities showing payment thereof, that the balance of the amount bid after deducting therefrom the aforesaid amounts paid by the plaintiff for Referee's fees, advertising expenses, taxes, assessments, sewer rents and water rates shall be allowed to the plaintiff and applied by said Referee upon the amounts due to the plaintiff as specified in item marked **"THIRD"**, that if after so applying the balance of the amount bid, there shall be a surplus over and above the said amounts due to the plaintiff, the plaintiff shall pay to the said Referee, upon delivery to plaintiff of said Referee's Deed, the amount of such surplus, that said Referee on receiving said several amounts from the plaintiff shall forthwith pay therefrom said taxes, assessments, sewer rents, water rates with interest and penalties thereon, unless the same have already been paid and shall then deposit the balance.

**ORDERED, ADJUDGED AND DECREED,** that said Referee take the receipt of the plaintiff or plaintiff's attorney for the amounts paid as hereinbefore directed in item marked **"THIRD"**, and file it with his/her report of sale; that he/she deposit the surplus monies, if any, with the New York County Clerk within five (5) days after the same shall be received and be ascertainable, to the credit to this action, to be withdrawn only on the order of this court, signed by a Justice of this Court; that said Referee make his/her report of such sale under oath showing

the disposition of the proceeds of the sale and accompanied by the vouchers of the person to whom the payment were made and file it with the New York County Clerk within thirty (30) days after completing the sale and executing the proper conveyance to the purchaser and that if the proceeds of such sale be insufficient to pay the amount reported due to the plaintiff with interest and costs as aforesaid, the plaintiff may recover from the defendants, **HELLO NEWMAN, INC., DORIS KORNISH, PHILIP HARTMAN, MO PITKIN HOLDINGS, LLC, MONTY KARP REALTY, LLC, PIZZAMONIUM, INC., TWO BOOTS OF 42ND STREET, LLC, SWEET JANE, LLC, PIONEER THEATER, LLC, LARRY TATE OF NEW YORK, INC., GELSIMINA, INC. and 37A RESTAURANT INC.**, as Guarantors, the whole deficiency of so much thereof as the Court may determine to be just and equitable of the residue of the mortgaged debt remaining unsatisfied after a sale of the mortgaged premises and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made as prescribed by section 1371 of the Real Property Actions and Proceedings Law within the time limited therein, and the amount thereof is determined and awarded by an order of this Court as provided for in said section; and it is further

**ORDERED, ADJUDGED AND DECREED,** that the purchaser or purchasers at said sale be let into possession on production or delivery of the Referee's Deed; and it is further,

**ORDERED, ADJUDGED AND DECREED,** that each and all of the defendants in this action and all persons claiming under them, or any or either of them after the filing of such notice of pendency of this action be and they are hereby forever barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in the said mortgaged premises and each and every part thereof; and it is further

**ORDERED, ADJUDGED AND DECREED,** that by accepting this appointment the referee affirms that he/she is in compliance with Part 36 of the Rules of the Chief Judge (22 NYCRR Part 36), including, but not limited to, section 36.2(c) ("Disqualifications from Appointment"), and section 36.2(d) ("Limitations on appointment based on compensation").

**ORDERED, ADJUDGED AND DECREED,** that said premises is to be sold in one parcel in "as is" physical order and condition, subject to any state of facts that an inspection of the premises would disclose, any state of facts that an accurate survey of the premises would show; any covenants, restrictions, declarations, reservations, easements, rights of way and public utility agreements of record, if any, any building and zoning ordinances of the municipality in which the mortgaged premises is located and possible violations of same; any rights of tenants or person in possession of the subject premises; prior lien(s) of record, if any, except those liens addressed in section 1354 of the Real Property Actions and Proceedings Law, any equity of redemption of the UNITED STATES OF AMERICA to redeem the premises within 120 days from the date of sale;

**ORDERED, ADJUDGED AND DECREED,** that the referee appointed to serve herein be served with a signed copy of this Judgment of Foreclosure and Sale with notice of entry; and it is further

**ORDERED,** that the caption of this action be further amended by striking therefrom defendants, ROBERT ANDRIANI; CAROL ANDRIANI; SONDRA WINTER; BARBARA WINTER; MATTHEW HANDAL; TRACY HANDAL; KATIE HANDAL, as they are no longer necessary parties to this action, all without prejudice to the proceedings heretofore had herein; and it is further,

**ORDERED**, that the caption of this action as amended, shall read as follows:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------x
LCP JERRY LLC,

                     Plaintiff,

      -against-                              Index No. 850105/14

HELLO NEWMAN, INC.; DORIS KORNISH; PHILIP HARTMAN; MO PITKIN HOLDINGS, LLC; MONTY KARP REALTY, LLC; PIZZAMONIUM, INC.; TWO BOOTS OF 42ND STREET, LLC; SWEET JANE, LLC; PIONEER THEATER, LLC; LARRY TATE OF NEW YORK, INC.; GELSIMINA, INC.; 37A RESTAURANT INC.; NEW YORK CITY DEPARTMENT OF FINANCE; NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE; ADMINISTRATOR OF THE SMALL BUSINESS ADMINISTRATION AN AGENCY OF THE GOVERNMENT OF THE UNITED STATES OF AMERICA; KNUCKLEKNEE LLC and; "JANE" HARTMAN,

                     Defendants.
------------------------------------------------------------x

and it is further

**ORDERED, ADJUDGED AND DECREED**, that if the successful bidder at the foreclosure sale defaults in concluding the transaction at the purchase price, he/she may be liable for the difference if the property is subsequently sold at auction for a sum which is inadequate to cover all items allowed in this Final Order and Judgment; and it is further

**ORDERED, ADJUDGED AND DECREED**, that the purchaser and/or purchasers at the foreclosure sale shall pay any: (i) Town, Village, City, Hamlet transfer taxes, New York State transfer taxes and any other tax imposed upon and/or arising from the transfer of title; and (ii) any other charges occurring as a result of the transfer of title, including but not limited to deed

10

stamps, recording fees, title continuation charges and title insurance costs shall be borne by the purchaser and/or purchasers.

Said premises commonly known as **113 EAST 2ND STREET, NEW YORK, NY 10009 (BLOCK: 429; LOT: 19)**. A description of said mortgaged premises is annexed hereto and made a part hereof as Schedule A.

ENTER:

JEFFREY K. OING
J.S.C.

HON. JEFFREY K. OING, J.S.C.
JEFFREY K. OING
J.S.C.

County Clerk

**FILED**
AUG 25 2016
COUNTY CLERK'S OFFICE
NEW YORK

☐ DO NOT POST

11



Title No.: 3050-392393

## SCHEDULE A

ALL THAT CERTAIN PLOT, PIECE OR PARCEL OF LAND, SITUATE, LYING AND BEING IN SEVENTEENTH (LATE 11TH) WARD OF THE BOROUGH OF MANHATTAN, CITY, COUNTY AND STATE OF NEW YORK, KNOWN AND DISTINGUISHED ON A MAP MADE BY EDWARD DOUGHTY, CITY SURVEYOR, DATED MAY 1, 1892, FORMERLY IN POSSESSION OF JOHN JACOB ASTOR OF CITY OF NEW YORK, DECEASED BY NUMBER 207, BEING ONE OF THE SEVERAL FIVE LOTS OF GROUND HERETOFORE CONVEYED TO TEMPLE FAY BY THE SAID JOHN JACOB ASTOR BY INDENTURE DATED THE 13TH DAY OF JANUARY A.D. 1835 AND RECORDED IN THE OFFICE OF THE CITY AND COUNTY OF NEW YORK IN LIBER 318 OF CONVEYANCE PAGE 414, THE SAID FIVE SEVERAL LOTS OF GROUND BEING IN THE SAID MENTIONED INDENTURE COLLECTIVELY BOUNDED AS FOLLOWS VIZ:

NORTHERLY IN FRONT BY SECOND STREET, NORTHWESTERLY BY LOT NUMBER 208, SOUTHEASTERLY BY LOT NUMBER 202 AND SOUTHWESTERLY IN THE REAR BY LOTS NUMBERS 217 AND 218 AND THE PROPERTY BELONGING TO THE ESTATE OF THE LATE DOCTOR EDGERTON L. WINTHROP, A MAP OF WHICH LOTS IS NOW FILED IN THE OFFICE OF THE REGISTER OF THE CITY AND COUNTY OF NEW YORK, THE SAID LOT HEREBY INTENDED TO THE CONVEYED BEING IN BREATH IN FRONT AND REAR 25 FEET 2 INCHES AND IN DEPTH ON EACH SIDE OF 105 FEET 10 FEET 10 1/2 INCHES, BE THE SAME MORE OR LESS.

AS BEING MORE PARTICULARLY BOUNDED AND DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE SOUTHERLY SIDE OF SECOND STREET, DISTANT 238 FEET 0 INCHES EASTERLY FROM THE CORNER FORMED BY THE INTERSECTION OF THE SOUTHERLY SIDE OF SECOND STREET AND THE EASTERLY SIDE OF FIRST AVENUE;

RUNNING THENCE EASTERLY ALONG THE SOUTHERLY SIDE OF SECOND STREET, 25 FEET 2 INCHES;

THENCE SOUTHERLY 105 FEET 11 1/2 INCHES TO A POINT;

THENCE WESTERLY, ON A COURSE PARALLEL WITH SECOND STREET; 25 FEET 2 INCHES TO A POINT;

THENCE NORTHERLY, 105 FEET 11 1/2 INCHES TO A POINT ON THE SOUTHERLY SIDE OF SECOND STREET, SAID POINT BEING THE POINT OR PLACE OF BEGINNING.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------x
LCP JERRY LLC,

                Plaintiff,

   -against-

HELLO NEWMAN, INC.; DORIS KORNISH; PHILIP
HARTMAN; MO PITKIN HOLDINGS, LLC; MONTY KARP
REALTY, LLC; PIZZAMONIUM, INC.; TWO BOOTS OF
42ND STREET, LLC; SWEET JANE, LLC; PIONEER
THEATER, LLC; LARRY TATE OF NEW YORK, INC.;
GELSIMINA, INC.; 37A RESTAURANT INC.; NEW YORK
CITY DEPARTMENT OF FINANCE; NEW YORK STATE
DEPARTMENT OF TAXATION AND FINANCE; ROBERT
ANDRIANI; CAROL ANDRIANI; SONDRA WINTER;
BARBARA WINTER; MATTHEW HANDAL; TRACY
HANDAL; KATIE HANDAL; ADMINISTRATOR OF THE
SMALL BUSINESS ADMINISTRATION AN AGENCY OF
THE GOVERNMENT OF THE UNITED STATES OF
AMERICA; KNUCKLEKNEE LLC and; "JANE" HARTMAN

                Defendants.
-----------------------------------------------------------------------x

Index No. 850105/15

**BILL OF COSTS**

### COSTS

| | |
|---|---:|
| Cost pursuant to CPLR 8201 | $400.00 |
| **TOTAL COSTS** | $400.00 |

### DISBURSEMENTS

| | |
|---|---:|
| Fee for index number CPLR §§8018(1), 8301(a)(12) | $400.00 |
| Paid for searches CPLR§ 8301(a)10 | $604.80 |
| Clerk's filing fee Notice of Pendency CPLR §§8021(a)10, 8301(a)(12) | $35.00 |
| Service of Summons and Complaint CPLR §§8011(c)1, 8301(d) | ~~$2,960.00~~ 854.50 |
| Clerk's filing fee Motion for Summary Judgment CPLR §§8301 (a)(12), 8020(a) | $45.00 |
| Request for Judicial Intervention CPLR§ 8020(a) | $95.00 |
| Paid for Referee's Report CPLR §§8301(a), 8003(a)(1) | $50.00 |
| Clerk's filing fee Motion for Judgment of Foreclosure and Sale CPLR §8301(a)(12) | $45.00 |
| Postage CPLR §8301(a)12 | ~~$133.78~~ |
| Copies CPLR §8301(a)12 | ~~$216.80~~ |
| Court Service Fees CPLR §8301(a)12 | ~~$60.00~~ |
| **TOTAL DISBURSEMENTS** | ~~$4,645.38~~ 2,129.30 |
| **TOTAL COSTS AND DISBURSEMENTS** | ~~$5,045.38~~ 2,529.30 |

Dated: New York, New York
      July 20, 2016

I HEREBY CERTIFY THAT I HAVE
ADJUSTED THIS BILL OF COSTS AT
$_____2,529.30_____

JEROLD C. FEUERSTEIN

AUG 25 2016

_Wilton A. Tingling_
Clerk

1

1 of 2

14 of 17

16 of 19

## ATTORNEY'S AFFIRMATION

The undersigned admitted to practice in the Courts of this State, affirms that your affirmant is an attorney for Kriss & Feuerstein LLP, the attorneys of record for Plaintiff in the above-entitled action; that the foregoing disbursements have been or will necessarily be made or incurred in this action and are reasonable in the amount; and that the copies of documents or papers as charged herein were actually and necessarily obtained for use.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated: New York, New York
July 20, 2016

_____
JEROLD C. FEUERSTEIN

**FILED**
AUG 25 2016
COUNTY CLERK'S OFFICE
NEW YORK

CLERK



**First American Title Insurance Company**
*16 West Main Street*
*Rochester, NY 14614*
*Phone: (585)232-3680 / Fax: (888)722-2509*

PR: NYORK                                                                                   Ofc: 3050 (2405)

## Invoice

| To: | Kriss & Feuerstein LLP<br>360 Lexington Ave Ste 1200<br>New York, NY 10017 | | Invoice No.:<br>Date: | 2405 - 305048927<br>01/16/2015 |
|---|---|---|---|---|
| | | | Our File No.:<br>Title Officer: | 3050-392393 |
| | | | Escrow Officer: | Rochester Clearance |
| | | | Customer ID: | CL6743 |
| | Attention:  Brenden Mahoney | | | |
| | Your Reference No.: | | | |
| RE: | Property:<br>113 East 2 Street, New York, NY | | Liability Amounts<br>Owners:<br>Lenders: | |
| | Buyers:<br>Sellers:  Hello Newman, Inc. | | | |

| Description of Charge | Invoice Amount |
|---|---:|
| Tax Search (Taxable) | $60.00 |
| Guaranteed Foreclosure Certificate (Taxable) | $500.00 |
| Sales Tax | $44.80 |

                                                     **INVOICE TOTAL**        **$604.80**

Comments:

*Thank you for your business!*

*To assure proper credit, please send a copy of this Invoice and Payment to:*
*Attention: Accounts Receivable Department*
*16 West Main Street*
*Rochester, NY 14614*

Printed On: 1/16/2015, 12:57 PM                    Requester: HD                                   Page: 1

850105/2015

Order + Judgment

**FILED**
AUG 25 2016
AT  4:13  P M
N.Y., CO. CLK'S OFFICE